1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  OGM. Inc., | Case No.: CV08-05742 JFW (JCx) |
| 11              Plaintiffs, | **PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)** |
| 12        vs. | |
| 13  TELEVISA, S.A. DE C.V., | **DISCOVERY MATTER** |
| 14              Defendants. | |

For good cause shown, the Court adopts the parties' proposed Stipulation for Protective Order Pursuant to Fed. R. Civ. P. 26(c) as the Protective Order in this action with the modifications set forth below.  The Court has modified the parties' proposed version essentially to (a) clarify that the Court and its personnel are not bound by the provisions contained therein; (b) ensure that the Protective Order binds only individuals who are parties (or employees, officers, etc. thereof) to this action and only such other individuals who have agreed in writing or on the record to be bound by the Protective Order (as opposed to ordering such individuals who are not before the Court and who have not had an opportunity to be heard on this matter to comply with the Protective Order); and (c) correct what appears to a typographical error in Paragraph 25 which refers to Paragraph 21, but appears to be intended to refer to Paragraph 24.

1           1.      Paragraph 13 is modified to read as follows:  The parties described in subparagraphs 11(a)-(b) and 12(a) are prohibited from disclosing, summarizing, describing, characterizing or otherwise communicating material designated as either CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY, directly or indirectly except in accordance with the terms of the Protective Order.  The parties described in subparagraphs 11(c), 11(e)-(f), 12(b), and 12(d)-(e), who agree in writing or on the record to be bound by the terms of the Protective Order, are likewise prohibited from disclosing, summarizing, describing, characterizing or otherwise communicating material designated as either CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY, directly or indirectly except in accordance with the terms of the Protective Order.

          2.      Paragraph 16 is modified to read as follows:  Disclosure of any material designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY, or information contained therein, to any person described in subparagraphs 11(c) or 12(b) shall not be made unless such person agrees in writing or on the record to be bound by the terms of the Protective Order.  Nothing in the Stipulation and Protective Order shall preclude Court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated materials during Court proceedings or depositions in this action.

          3.      Paragraph 17 is modified to read as follows:  Any person subject to the Protective Order who intends to disclose, summarize, characterize, otherwise communicate, give access to or make available CONFIDENTIAL MATERIAL or material designated as CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY to any person described in subparagraphs 11(c), 11(f), 12(b), and/or 12(e) may not do so unless:

1         (a)   he/she advises the person described in subparagraphs
2         11(c), 11(f), 12(b) and/or 12(e) that the material or
3         information is being disclosed pursuant and subject to the
4         terms of the Protective Order and may not be disclosed,
5         summarized, described, characterized, or otherwise
6         communicated or made available in whole or in part to any
7         person except pursuant to the terms of the Protective Order;
8         and
9         (b)   the person described in subparagraphs 11(c), 11(f), 12(b)
10        and/or 12(e) commits in writing or on the record to abide by
11        and be bound by the terms of the Protective Order, by for
12        example, executing a Confidentiality Agreement substantially
13        in the form of Attachment A to the Stipulation for Protective
14        Order.

15     4.    Paragraph 24 is modified to read as follow:  Within thirty (30)
16 calendar days after the conclusion of this action in its entirety, all persons subject
17 to the Protective Order who receive CONFIDENTIAL MATERIAL or
18 CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY must either return
19 such material and all copies thereof to counsel for the party that produced it, and
20 certify that fact by affidavit, or must destroy all such material in a manner that
21 ensures that such material will not be disclosed to any other person and shall
22 certify that fact by affidavit.  Counsel for the parties are entitled to retain all court
23 papers, deposition and trial transcripts, exhibits used in affidavits, at depositions
24 and at trial, and attorney work product (except for certain litigation databases, as
25 set forth in the third sentence of this paragraph), including materials containing,
26 quoting, discussing or analyzing CONFIDENTIAL MATERIAL or
27 CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY, provided that such
28 outside counsel, and employees of such outside counsel, shall not disclose such

court papers, deposition and trial transcripts, exhibits or attorney work product to any person except on reasonable notice to the producing party and pursuant to a court order, or agreement by the producing party.  Litigation databases (or portions of databases) containing either the full text of CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY or abstracts thereof must be disposed of in accordance with the first sentence of this paragraph, except to the extent such databases contain the materials described in the second sentence of this paragraph.  Nothing in this Protective Order requires the Court or Court personnel to return or destroy any materials or to certify the return or destruction of any materials.  Nor does anything in this Protective Order preclude the parties from seeking the return of materials in the possession of the Court or Court personnel at the conclusion of this action.  All CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY returned to the parties or their counsel by the Court, if any, shall be disposed of in accordance with this paragraph.  "Conclusion of this action" means after all appeal periods have expired or after the execution of a settlement among all the parties finally disposing of this action.

     5.    Paragraph 25 is modified to read as follow:  In the event that any person subject to the Protective Order ceases to be engaged in the litigation and/or settlement of this action, such person's access to documents, testimony and information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY shall be terminated.  However, the provisions of this Protective Order shall remain in full force and effect as to any person or party subject to the Protective Order who has obtained access to documents, testimony, or information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY hereunder, except as may be specifically ordered by the Court or consented to by the producing party.  In addition, any person subject to this Protective Order who

ceases to be engaged in litigation and/or settlement of this action and who has had access to documents, testimony or information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL – ATTORNEYS EYES ONLY must return or destroy such material in accordance with Paragraph 24 of the Protective Order.

6. Paragraph 28 is modified to read as follows: In order to facilitate the prompt exchange of documents, the terms of this Protective Order are binding on the parties and on their Technical Advisors who agree in writing or on the record to be bound by the terms of the Protective Order, immediately upon the signing of this Protective Order by representatives of all parties. Entry of the Protective Order by the Court is deemed retroactive to the date of the execution of this Protective Order by representatives of all parties.

**IT IS SO ORDERED.**

DATED this 21st day of November, 2008.

_____/s/_____
Jacqueline Chooljian
United States Magistrate Judge