**MARTIN D. SINGER (BAR NO. 78166)**
**HENRY L. SELF III (BAR NO. 223153)**
**LAVELY & SINGER PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com

Attorneys for Plaintiffs OGM, INC.,
GROUP PRO INC. and OLE GEORG

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OGM, INC., a California corporation; GROUP PRO INC., a California corporation; GROUP PRO INC., a California corporation dba KRONBORG MUSIC; GROUP PRO INC., a California corporation dba KRONBORG/DOLLHOUSE PUBLISHING; GROUP PRO INC., a California corporation dba GLOBAL MUSIC I/S; GROUP PRO INC., a California corporation dba DOLLHOUSE MUSIC; and OLE GEORG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TELEVISA, S.A. DE C.V., a Mexican corporation; XENON PICTURES, INC. a California corporation; LIONS GATE ENTERTAINMENT INC., a Delaware corporation; TELEVISA INTERNATIONAL MARKETING GROUP, INC., a California corporation; UNIVISION COMMUNICATIONS, INC., a Delaware corporation; GALAVISION, INC., a Delaware corporation; and UNIVISION TELEVISION GROUP, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. CV08-05742 JFW (JCx)<br><br>[Hon. John F. Walter]<br><br>**OPPOSITION TO DEFENDANT TELEVISA, S.A. DE C.V.'S MOTION TO DISMISS UNDER FRCP 12(b)(5) FOR DEFICIENT SERVICE OF PROCESS; DECLARATIONS OF GERALD B. WEINER & HENRY L. SELF III**<br><br>DATE: April 20, 2009<br>TIME: 1:30 p.m.<br>CTRM: 16 |

## I. INTRODUCTION

The motion to dismiss defendant Televisa, S.A. de C.V. ("Televisa") for deficient service of process has no legitimate purpose, as plaintiffs OGM, Inc., Group Pro Inc. and Ole Georg ("Plaintiffs") have already validly served process on Televisa three times over in three different manners: by registered mail, in person and through the Hague Convention. This superfluous 22-page motion instead appears calculated to simply stall for time, wasting the resources of Plaintiffs' counsel and of this Court, and generating legal fees for Televisa's attorneys.

## II. FACTUAL BACKGROUND

Plaintiffs filed this action against Televisa and the other defendants last Fall. Complaint for Damages and Injunctive Relief for Copyright Infringement and Breach of Contract, Sep. 3, 2008. On November 20, 2008, copies of the summons and complaint were sent by Plaintiffs' counsel to Televisa's office in Mexico City via international registered mail, return receipt requested. Declaration of Gerald B. Weiner, Feb. 23, 2009, ¶ 2. The return receipt was received by the office of counsel for Plaintiffs in January 2009, signed and stamped as received by Televisa on December 15, 2008. *Id.* ¶¶ 3–4, Exh. A.

Plaintiffs' counsel also arranged for personal service of copies of the summons and complaint on Televisa by a Mexican notary public, who hand-delivered the documents to its office in Mexico City on the afternoon of January 30, 2009. Proof of Service of Summons and Complaint upon Televisa, S.A. de C.V., Feb. 23, 2009.

Finally, out of an overabundance of caution, attorneys for Plaintiffs additionally submitted translated copies of the summons and complaint, together with an official Request for Service Abroad of Judicial or Extrajudicial Documents, to the central authority of the Mexican courts for service pursuant to Hague Convention in March 2009. Declaration of Henry L. Self III ¶ 4, Exhs. A–B.

## III. ARGUMENT

"There are three methods by which service of process may be accomplished in Mexico." U.S. Department of State, International Judicial Assistance Mexico, http://travel.state.gov/law/info/judicial/judicial_677.html.[1] They include: service by international registered mail with return receipt requested; personal service by agents, generally a Mexican attorney; and service by international convention or treaty. *Id.* As discussed immediately above, Plaintiffs have validly served process on Televisa[2] under not one, not two, but all three of these methods. *Manez v. Bridgestone Firestone North American Tire*, LLC, 533 F.3d 578, 593 (7th Cir. 2008) ("Fed. R. Civ. P. 4(f) offers a number of options for service on an individual in a foreign country").

### A. Plaintiffs Validly Served Televisa By Registered Mail

A defendant located in a foreign country may be served using any form of international mail that requires a signed receipt unless prohibited by the law of the foreign country. Fed. R. Civ. P. 4(f)(2)(C)(ii); *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003).

"There is no provision in Mexico law specifically prohibiting service by international registered mail, if enforcement of a judgment in Mexico courts is not anticipated." U.S. Department of State, International Judicial Assistance Mexico, http://travel.state.gov/law/info/judicial/ judicial_677.html; *accord*, *In re Alyssa F.*,

---

[1] "Although the State Department web site is not authority and lacks the force of law, it reflects the State Department's advice to practitioners about service of process in Mexico." *In re Alyssa F.*, 112 Cal.App.4th 846, 855, n.10, 6 Cal.Rptr.3d 1 (2003).

[2] While Televisa purports to be "specially appearing" in this case, special appearances to challenge jurisdiction are not recognized in the federal courts. *Republic Intern. Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 165 (9th Cir. 1975). "Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances." *SEC v. Wencke*, 783 F.2d 829, 832 n.3 (9th Cir. 1986).

1 | 112 Cal.App.4th 846, 854, 6 Cal.Rptr.3d 1 (2003) ("Mexico apparently does not
2 | prohibit service on a person by registered mail"); *NSM Music, Inc v. Villa Alvarez*,
3 | No. 02 CV 6482, 2003 WL 685338, at *2 & n.1 (N.D. Ill. Feb. 25, 2003)
4 | ("Mexico does not appear to have a prohibition on service by registered mail");
5 | Kenneth B. Reisenfeld, *The Usual Suspects: Six Common Defense Strategies in*
6 | *Cross-Border Litigation* in INTERNATIONAL LITIGATION STRATEGIES AND
7 | PRACTICES, 75, 77 & 87 nn. 6 & 7 (2005) ("Mexico . . . does not prohibit service
8 | of process by registered international mail").

9 |       Plaintiffs therefore served process on Televisa last year by registered mail,
10 | return receipt requested, shortly after filing this lawsuit. Declaration of Gerald B.
11 | Weiner, Feb. 23, 2009, ¶ 2. The return receipt was stamped as received by
12 | Televisa and signed by Armando Verdusco indicating the summons and complaint
13 | were arrived on December 15, 2008. *Id.* ¶ 3. This has been consistently
14 | recognized by federal courts as sufficient to effectuate valid service of process on
15 | a Mexican defendant such as Televisa. *See*, *e.g.*, *International Transactions, Ltd.*
16 | *v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp. 2d 654, 662–63
17 | (N.D. Tex. 2002); *Hein v. Cuprum, SA de CV.*, 136 F. Supp. 2d 63, 70–71
18 | (N.D.N.Y. 2001).

19 |       Televisa responds that Plaintiffs nonetheless failed to serve process by
20 | registered mail because "Plaintiff's counsel has not declared who Mr. Verdusco is
21 | or why he is allegedly authorized to accept service on behalf of Televisa." Motion
22 | to Dismiss at 3:19–20. To the contrary, Mr. Weiner's sworn and signed declaration
23 | constitutes *prima facie* evidence of valid service of process. *O'Brien v. R.J.*
24 | *O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Such
25 | presumption of validity "can be overcome only by strong and convincing evidence."
26 | *Id.* (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955)).

27 |       The burden here shifted to Televisa to provide the Court with strong and
28 | convincing evidence that Mr. Verdusco, who apparently received Plaintiffs' package

1  at its Mexico City office and signed and sent back the Return Receipt for
2  International Mail, was *not* in fact authorized to do so.[3] Declaration of Gerald B.
3  Weiner, Feb. 23, 2009, Exh. A.  Such information resides exclusively within the
4  knowledge of Televisa—not Plaintiffs—but Televisa tellingly does not deny that Mr.
5  Verdusco was authorized to sign and return the acknowledgment.

6      Televisa further advances the novel position that the Hague Convention, as
7  agreed to by Mexico, does not allow for service of process by mail.  But even if that
8  were so (which Plaintiffs strongly contest) this point is moot because, as discussed
9  *supra* and *infra*, and as evidenced in the declarations of Arturo Sobrino Franco and
10 Henry Self, Plaintiffs also validly served process on Televisa by personal service
11 and additionally submitted translated copies of their summons and complaint to the
12 central authority of the Mexican courts for service pursuant to Hague Convention.

13     Furthermore, Televisa's proposition goes against the great majority of
14 numerous published and unpublished federal and state court decision on point, which
15 have virtually unanimously concluded that service on a Mexican defendant by
16 international registered mail with return receipt requested is legally valid. *See*, *e.g.*,
17 *In re GGSI Liquidation, Inc.*, 351 B.R. 529, 601 (N.D. Ill. 2006); *International*
18 *Transactions, Ltd.*, 277 F. Supp. 2d at 662–63; *Hein*, 136 F. Supp. 2d at 70–71.
19 The only support Televisa cites for its unprecedented suggestion is a single,
20 unpublished paper by a faculty member of a provisionally accredited law school in
21 Montgomery, Alabama.  Declaration of Dylan Ruga, Mar. 16, 2009, Exh. F.

22     **B.**    **Plaintiffs Validly Served Televisa in Person**

23     Alternatively, a defendant located in a foreign country may be served by
24 personally delivering a copy of the summons and of the complaint to the defendant.
25 Fed. R. Civ. P. 4(f)(2)(C)(I); *Prewitt Enterprises, Inc.*, 353 F.3d at 923.

26

---

27
28  [3] Televisa's contention that Plaintiffs still bear the burden of proof under these circumstances is not supported by the sole authority it cites on this point, *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Plaintiffs' Mexican process server, Arturo Sobrino Franco, hand delivered copies of the summons and complaint to the Mexico City office of Televisa on January 30, 2009. Proof of Service of Summons and Complaint upon Televisa, S.A. de C.V., Feb. 23, 2009. The Mexican government does "not expressly prohibit the private service of process through a privately-retained agent/attorney." *Casa de Cambio Delgado, Inc. v. Casa de Cambio Puebla, S.A. de C.V.*, 763 N.Y.S.2d 434, 437 (2003). Plaintiffs thus validly effectuated service of process on Televisa by personal service. *Laino v. Cuprum S.A. de C.V.*, 235 A.D.2d 25, 27–28, 663 N.Y.S.2d 275 (1997); *Vazquez v. Sund Emba AB*, 152 A.D.2d 389, 548 N.Y.S.2d 728 (1989).

Televisa responds that the proof of service prepared and signed by Arturo Sobrino Franco is "deficient on its face" because he fails to describe the area of Televisa's office that he visited "or why anyone in that department allegedly is authorized to accept service on behalf of Televisa." Motion to Dismiss at 4:3–5. To the contrary, Mr. Sobrino's proof includes three full pages of extensive narrative details regarding the afternoon in question—exponentially more information than is typically provided to a district court in a standard proof of service. *Compare*, Proof of Service - Summons and Complaint, Form CV-1, *available at* http://www.cacd.uscourts.gov/CACD/Forms.nsf/Forms.

Again, a written and signed proof of service such as Plaintiffs' constitutes *prima facie* evidence of valid service of process, creating a presumption of validity that "can be overcome only by strong and convincing evidence." *O'Brien*, 998 F.2d at 1398 (quoting *Hicklin*, 226 F.2d at 414). Televisa has come forward with no admissible factual proof disputing the validity of personal service here. Bare insinuations by counsel in a party's pleadings alone plainly do not suffice. *In re Med-Atlantic Petroleum Corp.*, 233 B.R. 644, 661–62 (S.D.N.Y. 1999).

The burden shifted to Televisa to provide the Court with strong and convincing evidence that the facts set forth in Plaintiffs' proof of service are not true

and that Mr. Sobrino did not in fact hand deliver the summons and complaint to Televisa at its Mexico City office. Tellingly, Televisa did not attempt to do so.[4]

Televisa further advances the novel position that the Hague Convention, as agreed to by Mexico, does not allow for personal service of process on a defendant. But this point is moot because, as discussed *supra* and *infra*, and as evidenced in the declarations of Gerald Weiner and Henry Self, Plaintiffs also validly served process on Televisa by registered mail and additionally submitted translated copies of their summons and complaint to the central authority of the Mexican courts for service pursuant to Hague Convention.

### C. Plaintiffs Validly Served Televisa Through the Hague Convention

In March 2009, counsel for Plaintiffs completed and signed a Request for Service Abroad of Judicial or Extrajudicial Documents, which was enclosed in an envelope together with copies of the summons and complaint in this case as well as certified translations of those documents. Declaration of Henry L. Self III ¶ 4, Exhs. A. The package was mailed to Mexico's designated central authority under the Hague Convention via registered mail, return receipt requested. *Id.*, Exh. B. There is literally nothing more that Plaintiffs could possibly do now to serve process on Televisa. They have exhausted virtually every avenue available under the circumstances.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs OGM, Inc., Group Pro Inc. and Ole Georg respectfully request that the Court deny Televisa's motion to dismiss in its entirety. Alternatively, should the Court determine that Plaintiffs have not yet

---

[4] The only evidence submitted by Televisa in support of its motion is a declaration by Dylan Ruga, one of its American attorneys who works for an outside law firm here in Los Angeles, not Mexico City. Declaration of Henry L. Self III ¶ 2. This attorney lacks foundation or personal knowledge sufficient to testify to most factual matters regarding Televisa, its offices or its employees, which would instead need to be provided by the defendant itself.

1 validly served process on Televisa, then Plaintiffs would request that the Court
2 quash service but afford Plaintiffs additional time in which to complete service on
3 this defendant. *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992).

DATE: April 6, 2009

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
HENRY L. SELF III


By: _____/s/_____
        HENRY L. SELF III
Attorneys for Plaintiffs
OGM, INC., GROUP PRO INC.
and OLE GEORG

DECLARATION OF GERALD B. WEINER

I, Gerald B. Weiner, being duly sworn, hereby declare:

1. I am an attorney at law, licenced to practice in the State of California and am the attorney for Plaintiffs herein.

2. On November 20, 2008 a copy of the summons and complaint in Case No. CV 08-05742 JFW (Jcx), <u>OGM Inc. el al vs. Televisa, S.A. de C.V., el al</u> was mailed by my office to Televisa, S.A. de C.V. /Miguel Gutierrez Cervantez, Av. Vasco de Quiroga No. 2000, Edifici "A" - 4° Piso. Col. Santa Fe, Delegacion Alvarado Obregón, 01210 Mexico, D.F via registered mail, return receipt requested. I am informed and believe and therefore declare that this is the address of Televisa, S.A. de C.V.'s office in Mexico and that Miguel Gutierrez Cervantes is its representative.

3. The return receipt was received by my office in January, 2009 stamped as received by Televisa and signed by Armando Verdusco indicating the summons and complaint was received by Televisa on December 15, 2008.

4. A true and correct copy of the Customer Copy confirming the mailing and the Return Receipt of International Mail are attached hereto as Exhibit A.

I hereby declare that the above is true and correct and that if called as a witness herein I could competently testify thereto.

Executed at Culver City, CA this 23 day of February, 2009.

_____
GERALD WEINER

# EXHIBIT A

```
       GATEWAY STATION POST OFFICE
          CULVER CITY, California
                902329998
              0544850431 -0096
11/20/2008     (310)204-0843    10:27:07 AM

                Sales Receipt
Product         Sale  Unit         Final
Description     Qty   Price        Price

Mexico - First-Class              $6.33
Mail Int'l  Large Env
11.40 oz.
   Return Receipt                 $2.20
   Registered                    $10.80
   Insured Value :      $0.00
   Article Value :      $0.00
   Label #:       RA323715074US
                                ========
   Issue PVI:                    $19.33

   Total:                        $19.33

Paid by:
Cash                             $20.00
Change Due:                      -$0.67

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000402679640
Clerk: 14


    All sales final on stamps and postage
    Refunds for guaranteed services only
         Thank you for your business
*******************************************
*******************************************
             PICK UP A FREE
           RECYCLING ENVELOPE
    Take an envelope to recycle your inkjet
   cartridge, cell phone or small electronics
                free of charge!
*******************************************
*******************************************

*******************************************
*******************************************
           HELP US SERVE YOU BETTER

       Go to: http://gx.gallup.com/pos

         TELL US ABOUT YOUR RECENT
              POSTAL EXPERIENCE

             YOUR OPINION COUNTS
*******************************************
*******************************************



              Customer Copy
```



Registered No. RA323715074US

| | | | | Date Stamp |
|---|---|---|---|---|
| Reg. Fee | $10.80 | | | 0431 |
| Handling Charge | $0.00 | Return Receipt | $2.20 | GATEWAY STATION NOV 20 2008 90232 USPS |
| Postage | $6.33 | Restricted Delivery | $0.00 | |
| Received by | | | | |
| Customer Must Declare Full Value $ | $0.00 | Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited. (See Reverse). | | |

OFFICIAL USE

FROM: P90232 STEIN B WEINER
9696 CULVER BLVD, #205
CULVER CITY, CA 90232

TO: TELEVISA S.A. DE C.V. / MIGUEL GUTIERREZ
Av. VASCO DE QUIROGA No. 2000  MX Mexico
EDIFICIO "A" - 4° PISO, COL. SANTA FE
DELEGACION ALVARO OBREGON, D.F. 01210  MEXICO

PS Form 3806,  Receipt for Registered Mail  Copy 1 - Customer
May 2007 (7530-02-000-9051)  (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

**UNITED STATES POSTAL SERVICE®**

**Return Receipt for International Mail**
(Registered, Insured, Recorded Delivery, Express Mail)

Administration des Postes des Etats-Unis d'Amérique

*Par Avion*

Postmark of the office returning the receipt
Timbre du bureau renvoyant l'avis

Return by the quickest route (air or surface mail), à découvert and postage free.

A renvoyer par la voie la plus rapide (aérienne ou de surface), à découvert et en franchise de port.

The sender completes and indicates the address for the return of this receipt.
(A remplir par l'expéditeur, qui indiquera son adresse pour le renvoi du présent avis.)

Name or Firm (Nom ou raison sociale)
GERALD WEINER

Street and Number (Rue et no.)
9696 CULVER BLVD

City, State, and ZIP + 4 (Localitié et code postal)
CULVER CITY, CA 90232

UNITED STATES OF AMERICA     Etats-Unis d'Amérique

PS Form **2865**, February 1997     *Avis de réception*     **CN07** (Old C5)

---

| Item Description (Nature de l'envoi) | Registered ☐ Article (Envoi recommandé) | ☒ Letter (Lettre) | Printed ☐ Matter (Imprimé) | ☐ Other (Autre) | Recorded Delivery ☐ (Envoi à livraison attestée) | Express ☐ Mail International |

Insured Parcel ☐ (Colis avec valeur déclarée)   Insured Value (Valeur déclarée)   Article Number
RH 323 715 074 US

Office of Mailing (Bureau de dépôt)
TELEVISA S.A. DE C.V.

Date of Posting (Date de dépôt)
11-20-08

Addressee Name or Firm (Nom ou raison sociale du destinataire)
MIGUEL GUTIERREZ CERVANTES

Street and No. (Rue et No.)
EDIFICIO "A" - 4° PISO   COL. SANTA FE, DELEGACION ALVARO OBREGON

City and Country (Localité et pays)
01210 MEXICO, D.F.

Receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

Postmark of the office of destination (Timbre du bureau de destination)

The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

Date

Signature of Addressee (Signature du destinataire)

Office of Destination Employee Signature (Signature de l'agent du bureau du destination)

Form **2865**, February 1997 (Reverse)

# DECLARATION OF HENRY L. SELF III

I, Henry L. Self III, declare as follows:

1.  I am an attorney at law duly licensed to practice before this Court and am an associate with the law firm Lavely & Singer Professional Corporation, attorneys for plaintiffs OGM, Inc., Group Pro Inc. and Ole Georg ("Plaintiffs") herein. I have personal and firsthand knowledge of the matters set forth in this declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2.  On May 3, 2009, at the request of Dylan Ruga, an attorney for defendant Televisa, S.A. de C.V. ("Televisa"), I met with him at his firm's office to discuss the instant motion to dismiss. Mr. Ruga is an associate with American law firm Steptoe & Johnson LLP, which is also counsel of record in this case for defendants Univision Communications, Inc., Univision Television Group, Inc. and Galavision, Inc. He works at its Century City office located at 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067.

3.  Contrary to Mr. Ruga's claim on page 6 of his Memorandum of Points and Authorities, I did not "agree[]" during that conference (or at any other time) that "the purported service of process on Televisa must be quashed" and do not appreciate counsel's disingenuous attempts to put such words in my mouth. Quite the opposite is true, in fact: I instead told Mr. Ruga during our meeting in no uncertain terms that Plaintiffs had already validly served process on Televisa by registered mail and personal service.

4.  In March 2009, I completed and signed a Request for Service Abroad of Judicial or Extrajudicial Documents, United States Marshals Service Form USM-94, a true and correct copy of which is attached hereto as Exhibit A. My office enclosed the request in an envelope together with copies of the summons and complaint in this case as well as certified translations of those documents. The

1 package was mailed by my office to Direccion General De Asuntos Juridicos, Direccion Juridicio Contenciosa, Departamento De Exhortos Y Relaciones Con Embajadas, Secretaria De Relaciones Exteriores, Flores Magon No. 1, Col. Tlaltelolco, Mexico, D.F., Mexico via registered mail, return receipt requested. This is the address of Mexico's designated central authority under the Hague Convention. True and correct copies of the Customer Copy confirming the mailing and the Receipt for International Mail are attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of April, 2009, at Los Angeles, California.

                                         /s/
                              HENRY L. SELF III

# EXHIBIT A

U.S. Department of Justice
United States Marshals Service



# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

### DEMANDE
### AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER
### D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Henry L. Self III<br>Lavely & Singer Professional Corporation<br>2049 Century Park East, Suite 2400<br>Los Angeles, California 90067<br>United States of America | Direccion General De Asuntos Juridicos<br>Direccion Juridicio Contenciosa<br>Departamento De Exhortos Y Relaciones Con Embajadas<br>Secretaria De Relaciones Exteriores<br>Flores Magon No. 1, Col. Tlaltelolco<br>Mexico, D.F., Mexico |

**The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,**
   **(identity and address)**
*Le requérant soussignée a l'honneur de faire parvenir--en double exemplaire--à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir:*
   *(identité et adresse)*

Summons (Citatorio)

Complaint for Damages and Injunctive Relief (Demanda Por Daños Y Medidas Cautelares)

[X] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
   *a) selon les formes légales (article 5 alinéa premier, lettre a).*

[ ] (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
   *b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

_____

[ ] (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
   *c) le cas échéant, par remise simple (article 5, alinéa 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes with a certificate as provided on the reverse side.**
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

| List of documents<br>*Enumération des pièces* | Done at Los Angeles, California, the _____<br>*Fait à _____, le _____* |
|---|---|
| Summons (Citatorio)<br>Complaint for Damages and Injunctive Relief<br>(Demanda Por Daños Y Medidas Cautelares) | Signature and/or stamp<br>*Signature et/ou cachet*<br><br>*[signature]* |

*Delete if inappropriate
*Rayer les mentions inutiles.*

Form USM-94
Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1) que la demande a été exécutée*
- the (date) -- *le (date)* _____
- at (place, street, number) - *à (localité, rue, numéro)*

_____

- in one of the following methods authorized by article 5:
- *dans une des formes suivantes prévues à l'article 5:*

☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
*a) selon les formes légales (article 5. alinéa premier, lettre a)*

☐ (b) in accordance with the following particular method:
*b) selon la forme particulière suivante:* _____

☐ (c) by delivery to the addressee, who accepted it voluntarily.*
*c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

- (identity and description of person)
- *(Identité et qualité de la personne)*

_____

- relationship to the addressee family, business or other
- *liens de parenté de subordination ou autres avec le destinataire de l'acte:*

_____

2) that the document has not been served, by reason of the following facts*:
*2) que la demande n'a pas été exécutée, en raison des faits suivants:*

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pieces renvoyées*

_____
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

Done at _____, the _____
*Fait à _____, le _____*

Signature and/or stamp
*Signature et/ou cachet*

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents In civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

___

**Particulars of the parties:**
*Identité des parties:*

___

### JUDICIAL DOCUMENT
*ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

___

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

___

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

___

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision:*

___

**Dale of judgment\*\*:**
*Date de la décision:*

___

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte:*

___

### EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

___

**Time limits stated in the document:\*\***
*Indication des délais figurant dans l'acte:*

___

# EXHIBIT B

```
            CENTURY CITY STORE
           LOS ANGELES, California
                  900676597
              0545300137 -0097
03/17/2009    (310)785-9621      03:42:37 PM

                 Sales Receipt
Product           Sale   Unit         Final
Description       Qty    Price        Price

Mexico - First-Class                  $9.33
Mail Int'l  Large Env
1 lb.  1.60 oz.
  Return Receipt                      $2.20
  Registered                         $10.80
  Insured Value :         $1.00
  Article Value :         $1.00
  Label #:         RA341086208US
  Customs Form #: LC883400840US
                                    ========
  Issue PVI:                         $22.33


Total:                               $22.33

Paid by:
Debit Card                           $22.33
  Account #:         XXXXXXXXXXXX8012
  Approval #:        161765
  Transaction #:     97
23 903205003
  Receipt#:          000115

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknshp
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000300657425
Clerk: 03

  All sales final on stamps and postage
    Refunds for guaranteed services only
          Thank you for your business
*****************************************
*****************************************
               PICK UP A FREE
            RECYCLING ENVELOPE
  Take an envelope to recycle your inkjet
 cartridge, cell phone or small electronics
              free of charge!
*****************************************
*****************************************

*****************************************
*****************************************
          HELP US SERVE YOU BETTER

     Go to: http://gx.gallup.com/pos

        TELL US ABOUT YOUR RECENT
             POSTAL EXPERIENCE

           YOUR OPINION COUNTS
*****************************************
*****************************************



              Customer Copy
```



Registered No. RA341086208US

| Reg. Fee | $10.80 | | Date Stamp |
|---|---|---|---|
| Handling Charge | $0.00 | Return Receipt  $2.20 | 0137 |
| Postage | $9.33 | Restricted Delivery  $0.00 | 0003  03/17/09 |
| Received by | | | |

Customer Must Declare Full Value $  $1.00

Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

OFFICIAL USE

FROM:
90067
LAVELY & SINGER
2049 Century Park East, Suite 2400
Los Angeles, CA   90067
U.S.A.

TO:
DIRECCION GENERAL De ASUNTOS JURIDICOS
By Mexico
SECRETARIA De RELACIONES EXTERIORES
FLORES MAGON NO. 1, COL. TLALTELOLCO
MEXICO, D.F., MEXICO

PS Form 3806, Receipt for Registered Mail    Copy 1 - Customer
May 2007 (7530-02-000-9051)              (See Information on Reverse)
      For domestic delivery information, visit our website at www.usps.com®